EMMA SILVER MINING Co., (Limited,) of London, v. EMMA SILVER MINING Co., of New York, and others.

*(Circuit Court, S. D. New York. June, 1882.)*

1. PRACTICE—DISMISSAL OF BILL—AUTHORITY.

Where the denial of the authority of a liquidator, acting for a corporation under its corporate seal, is qualified, and insufficient to meet the presumption arising from the use of the corporate seal, he will be deemed to have authority to release the action, where it is alleged that he possesses such power.

2. SAME—SETTLEMENT OF CASE—ATTORNEY'S LIEN.

An attorney's lien cannot preclude the defendant from settling the cause of action with complainant where such settlement is not surreptitious or unfair, and complainant is pecuniarily responsible.

On Motion to Dismiss.

WALLACE, C. J. Under the circumstances of this case, if the authority of McDougall to release the cause of action and stipulate for a discontinuance were specifically controverted, I should be disposed to deny the motion to dismiss the bill, and put the defendants to a plea. The qualified denial made by the complainants' solicitor, however, is not sufficient to meet the presumption arising from the use of the corporate seal. The seal itself is *prima facie* evidence that it was affixed by proper authority. It is not denied that McDougall is the duly-appointed liquidator of the corporation, or that he was authorized to release the cause of action. The denial that he "has been appointed, with the duties and powers alleged by the defendants," may be entirely true, for their allegation is that he possesses various powers and duties beyond those requisite for the present purposes. The attorney's lien cannot preclude the defendant from settling the cause of action with the complainant. It is not asserted that there has been a surreptitious or unfair settlement, or that the complainant is not entirely responsible pecuniarily.

Motion to dismiss the bill is granted.

See same parties, 7 FED. REP. 401.